TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00491-CR







Richard Henry Schumann, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 4816, HONORABLE CHARLES HEARN, JUDGE PRESIDING







 After finding appellant guilty of the offense of murder, (1) the jury assessed
punishment at confinement for thirty years. In a single point of error, appellant contends the trial
court erred in refusing to allow evidence of the deceased's prior violent confrontations with his
wife and her prior boyfriends. We will affirm.

 Appellant became friends with the deceased's wife, Cindy Beckum, during a time
when the Beckums were separated. The Beckums had reconciled and were living together at the
time appellant fatally shot the deceased. Appellant relies on a statement that he gave police to
raise his defense of self-defense, an instruction which was submitted in the trial court's charge.

 Appellant's statement showed that he drove to the Beckum's home after he received
information that the deceased had Cindy blocked in her vehicle. Fearing that Cindy was in
danger, appellant took his rifle. Upon his approach to the scene, the deceased ran appellant off
the road. The deceased got out of his car and approached appellant's vehicle. Believing that the
deceased had a pistol, appellant fired his rifle killing the deceased.

 Appellant urges that the trial court's exclusion of testimony defense counsel
represented to the trial court as showing the deceased's violent confrontations with Cindy and her
other boyfriends resulted in substantial harm to appellant's defense. Both the State and appellant
rely on Tate v. State, 981 S.W.2d 189 (Tex. Crim. App. 1998).

 In Tate, testimony showed that the victim had made a threat against Tate a month
or two before Tate fatally stabbed the deceased. Appellant's aunt testified that the deceased had
stated appellant is "going to cause me to have to kill the little son of a bitch [Tate] some day." 
Id. at 190. The threat was never communicated to Tate. The court stated that the issue presented
was whether an uncommunicated threat was admissible under Texas Rules of Criminal Evidence
404(b). Id. at 191. Generally, evidence of a person's character may not be used to prove that he
acted in a particular way at a given time. Id. at 192. However, such evidence is admissible if
the "evidence has relevance apart from its tendency to prove the character of a person in order
to show that he acted in conformity therewith." Id. at 193. In finding that the deceased's
statement that he might have to kill Tate was admissible for purposes besides demonstrating
character and actions in conformity therewith, the court held the threat was "probative of his state
of mind and possibly indicated a motive or demonstration of intent behind the confrontation that
evening." Id.

 Unlike Tate, the proffered evidence of the deceased's violent confrontations were 
offered to show the deceased's violent propensity toward persons other than appellant and were
not probative of the deceased's state of mind or motive at the time appellant shot the deceased. 
The excluded evidence of confrontations with others had no relevance apart from its tendency to
prove the character of the deceased in order to show that he acted in conformity therewith. 
Consequently, the evidence was inadmissible and the trial court did not err in its exclusion. 
Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: October 28, 1999

Do Not Publish







* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. § 19.02 (West 1994).



family: CG Times"> After finding appellant guilty of the offense of murder, (1) the jury assessed
punishment at confinement for thirty years. In a single point of error, appellant contends the trial
court erred in refusing to allow evidence of the deceased's prior violent confrontations with his
wife and her prior boyfriends. We will affirm.

 Appellant became friends with the deceased's wife, Cindy Beckum, during a time
when the Beckums were separated. The Beckums had reconciled and were living together at the
time appellant fatally shot the deceased. Appellant relies on a statement that he gave police to
raise his defense of self-defense, an instruction which was submitted in the trial court's charge.

 Appellant's statement showed that he drove to the Beckum's home after he received
information that the deceased had Cindy blocked in her vehicle. Fearing that Cindy was in
danger, appellant took his rifle. Upon his approach to the scene, the deceased ran appellant off
the road. The deceased got out of his car and approached appellant's vehicle. Believing that the
deceased had a pistol, appellant fired his rifle killing the deceased.

 Appellant urges that the trial court's exclusion of testimony defense counsel
represented to the trial court as showing the deceased's violent confrontations with Cindy and her
other boyfriends resulted in substantial harm to appellant's defense. Both the State and appellant
rely on Tate v. State, 981 S.W.2d 189 (Tex. Crim. App. 1998).

 In Tate, testimony showed that the victim had made a threat against Tate a month
or two before Tate fatally stabbed the deceased. Appellant's aunt testified that the deceased had
stated appellant is "going to cause me to have to kill the little son of a bitch [Tate] some day." 
Id. at 190. The threat was never communicated to Tate. The court stated that the issue presented
was whether an uncommunicated threat was admissible under Texas Rules of Criminal Evidence
404(b). Id. at 191. Generally, evidence of a person's character may not be used to prove that he
acted in a particular way at a given time. Id. at 192. However, such evidence is admissible if
the "evidence has relevance apart from its tendency to prove the character of a person in order
to show that he acted in conformity therewith." Id. at 193. In finding that the deceased's
statement that he might have to kill Tate was admissible for purposes besides demonstrating
character and actions in conformity therewith, the court held the threat was "probative of his state
of mind and possibly indicated a motive or demonstration of intent behind the confrontation that
evening." Id.

 Unlike Tate, the proffered evidence of the deceased's violent confrontations were 
offered to show the deceased's violent propensity toward persons other than appellant and were
not probative of the deceased's state of mind or motive at the time appellant shot the deceased. 
The excluded evidence of confrontations with others had no relevance apart from its tendency to
prove the character of the deceased in order to show t